IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA, C.A. No. 18-30694

Plaintiff-Appellee, D.C. No. 5:11-CR-00062-21

vs. (W.D. Louisiana, Judge Hicks)

ROBERT CUFF

Defendant-Appellant.

---

**MOTION FOR RECONSIDERATION BY THE PANEL OF THE CIRCUIT JUDGE'S ORDER DENYING A MOTION FOR CERTIFICATE OF APPEALABILTY**

Michael R. Levine, Oregon Bar # 931421
Levine & McHenry, LLC
1001 S.W. Fifth Avenue, Suite 1414
Portland, Oregon 97204
Phone: 503-546-3927
Cell: 503-939-4334
Facsimile: 503-224-3203
Email: michael@levinemchenry.com
Attorney for Robert Cuff

Pursuant to Rule 27.2 of this Court, the defendant-Appellant Robert Cuff through undersigned counsel, Michael R. Levine, moves the Court to reconsider the order of the Honorable James L. Dennis which denied Mr. Cuff's motion for a Certificate of Appealability (COA). (Exhibit A). Reconsideration is warranted because Judge Dennis made errors of fact and law in his order. The government does not object to this motion.

**PROCEDURAL BACKGROUND**

1. On December 1, 2011, in the Western District of Louisiana, Robert Cuff (Cuff) pleaded guilty to the crime of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A (g). On July 13, 2012, after a hearing, the district court (Judge Maurice Hicks) denied Cuff's motion to withdraw his plea of guilty and sentenced him to a term of life imprisonment, which he is currently serving. This Court affirmed his conviction on direct appeal. *United States v. Cuff*, No. 12–30765, 538 Fed.Appx. 411 (2013). His petition for certiorari to the Supreme Court was denied on December 9, 2013.

2. On December 6, 2014, Cuff filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. (Exhibit B). He presented four claims: first, that the government had breached the plea agreement by secretly indicting him in Texas, when it had promised not to do so; second, that his trial attorney, Stephen Karns, was ineffective in failing to request a competency hearing before sentencing; third,

that the Karns was ineffective in failing to investigate the defenses of involuntary intoxication, diminished capacity, or insanity; and fourth, that trial counsel failed to properly investigate the case. *Id*.

3. On December 15, 2014, Cuff filed an amended 2255 motion raising three additional claims. (Exhibit C)

4. Almost four year later, on March 12, 2018, the district court denied the 2255 motion. (Exhibit D). The court also denied a COA. *Id*.

5. On April 9, 2018, Cuff filed a motion with Judge Hicks under F.R.Civ. Pr. 59 (e) to reconsider the judgment that denied the 2255 motion. (Exhibit E). He filed a memorandum and exhibits in support of that motion on the same date. (Exhibit F). He also filed supplemental exhibits. (Exhibit G). Judge Hicks denied this motion on April 12, 2019. (Exhibit H).

6. On June 1, 2018, Cuff filed a notice of appeal from the district court's denial of his 2255 motion and from the denial of his Rule 59(e) motion. (Exhibit I).

7. On September 30, 2018, Cuff filed a motion for a COA with this Court (Exhibit J) and a brief in support of the motion. (Exhibit K).

8. On November 5, 2018, Cuff filed a motion to file a corrected brief in support of the motion for a COA. (Exhibit L). On January 11, 2019, he filed a motion to file a supplemental brief in support of the motion for a COA. (Exhibit M).

9. On May 10, 2019, the Honorable James L. Dennis of this Court issued an order denying the motion for a COA and the other motions. (Exhibit A). He reasoned that Cuff's Rule 59 (e) motion constituted a successive habeas petition which had not first been authorized by this Court. Therefore, the Rule 59 motion did not extend the time to appeal from the district court's denial of the 2255 motion.

10. On May 14, 2019, undersigned counsel communicated with Assistant United States Attorney Mignonne Griffing, and she stated that the Government has no objection to this motion.

**ARGUMENT**

Relying on *Gonzales v. Crosby*, 545 U.S. 524 (2005), and *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010), Circuit Judge Dennis held that Cuff's timely Rule 59 (e) motion to reconsider the judgment of the district court constituted a successive 2255 motion because the motion "attacked" the district court's rulings on the merits of the claims. Because Cuff had no authorization from this Court to file a successive petition, the motion did not serve to extend the time for filing the notice of appeal from the district court's denial of the 2255 motion. Thus, the notice of appeal was untimely, and this Court lacks jurisdiction to hear Cuff's appeal. As a result, the motion for a COA was denied.

The panel should reconsider Judge Dennis' decision for three reasons. *First*, Cuff's motion was "properly filed" and tolled the time to file a notice of appeal

from the denial of the 2255 motion. *Second*, Cuff's Rule 59 (e) motion was not a successive 2255 petition. *Third*, Judge Dennis failed to analyze the issue separately with respect to each of the four claims raised in the Rule 59 motion and in the motion for a COA.

*1. Cuff justifiably relied on the operation of F.R. App. Pr. 4(a)(4)(A)(iv) and on the actions of the district court.*

The Federal Rules of Appellate Procedure provide that a timely and properly filed Rule 59 motion tolls the time within which to file a notice of appeal from the district court's denial of a Section 2255 motion until the motion is decided. F.R. App. Pr. 4(a)(4)(A)(iv). A motion is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Cuff properly and timely filed his Rule 59 motion. Whether a motion is "properly filed" is not a determination that is made on the substantive grounds set forth in the motion. The Rule 59 motion was "properly filed" even if it were treated as a second, successive 2255 motion. Therefore, the time to appeal from the denial of the 2255 was tolled, and Cuff's notice of appeal was timely filed.

Furthermore, the district court did not consider Cuff's Rule 59 motion as a successive habeas petition. Had the court indicated it would do so, Cuff would have withdrawn the motion and simply filed his notice of appeal from the denial of the 2255 motion. Cuff justifiably relied on the applicable rule of appellate

procedure and on the actions of the district court. *Cf. White v. Estelle*, 566 F.2d 500, 504 (5th Cir. 1978) ("We hold that on the facts and circumstances of this case, the continuation of White's trial resulted in manifest injustice because of his attorney's justifiable reliance on court actions which led him to believe that a wholly different case would be tried.").

Cuff is serving a sentence of life imprisonment. Cuff's unmistakable intention was to appeal from the denial of his 2255 motion. Had had it been clear from the jurisprudence that the filing of a 59(e) motion would be treated as a successive 2255 petition by this Court, Cuff would have abandoned or withdrawn the motion in the district court and would have simply filed his notice of appeal from the denial of the 2255 motion. Because Cuff justifiably relied on the applicable law and on the actions of the district court, and because the Government has no objection, the Court should reconsider the order of Judge Dennis.

2. *Gonzalez and Williams do not hold that a Rule 59 (e) motion necessarily constitutes a successive habeas petition*.

In *Gonzales*, the petitioner alleged in his Rule 60(b) motion that the district court had misapplied the federally created statute of limitations for filing a federal petition of habeas corpus. The lower courts held that this motion constituted a successive habeas petition and was therefore barred. 545 U.S. at 528. The Supreme Court reversed. The Court reasoned that because "petitioner's Rule 60(b) motion challenged only the District Court's previous ruling on the AEDPA statute

of limitations, it is not the equivalent of a successive habeas petition." 545 U.S. at 535-36. At issue in *Gonzales* was a motion under Rule 60 (b), not a motion under Rule 59 (e). Although both rules request a change in the judgment, the two rules "serve different purposes and produce different consequences, both substantive and procedural." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005). In dictum, *Gonzales* did state that any post judgment motion that "attacked" the judgment by raising a new claim or presenting new evidence could constitute a successive petition. 545 U.S. at 532-533.

In *Williams* the petitioner filed a Rule 59 (e) motion raising, for the first time, a new claim of "actual innocence" based on the discovery of new evidence. *Williams*, 602 F.3d at 298-99. At issue was whether this claim was a successive petition and therefore barred. This Court recognized that in practice Rules 59(e) and 60(b) permit the same ultimate relief—a change in the judgment. *Williams*, 602 F.3d at 303. As a result, the Court reasoned it would apply the *Gonzalez* framework "to determine whether [the court] should construe" a motion under either rule as a successive habeas petition. *Id*.

The Court held that because petitioner's motion sought to add a new ground for relief, i.e., "actual innocence," petitioner's motion was a successive 2255 petition and thus barred by the AEDPA because the Circuit had not authorized its filing. Tellingly, the Court did not hold that a Rule 59 (e) motion always

constitutes a subsequent 2255 motion. On the contrary, the Court held that petitioner's Rule 59 (e) motion that sought to convince the district court that he had shown "cause and prejudice" to excuse a procedural default was not a successive petition. *Williams*, 602 F.3d at 305 ("We thus hold that we have jurisdiction to consider Williams's request for a COA on the district court's refusal to excuse his procedural default or to grant a stay and abeyance.").

Like this Court, the Fourth, Eighth, and Tenth Circuits have applied the *Gonzales* dictum to Rule 59 (e) motions. However the Third, Sixth, and Seventh Circuits have not. They hold that a Rule 59 (e) motion should never be construed as a second or successive habeas petition. *See Blystone v. Horn*, 664 F.3d 397 (3rd Cir. 2011) ("[W]e, nonetheless, disagree with the Court of Appeals for the Fifth Circuit's holding because we do not believe that the differences between Rules 60(b) and 59(e) are merely technical …we now join the Court of Appeals for the Sixth Circuit in holding that a timely Rule 59(e) motion to amend or alter a judgment is not a second or successive petition, whether or not it advances a claim."); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("If the holding of *Gonzalez* applied to Rule 59(e) motions, it would almost always be effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could easily be fixed by that court."); *Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002) ("A Rule 59(e)

motion [unlike a Rule 60 (b) motion] … suspends the time for appealing. Since such a motion does not seek collateral relief, it is not subject to the statutory limitations on such relief.”).

. The Ninth Circuit also differs with this Court’s dictum. In *Rishon v. Ferguson*, 822 F.3d 482, (9th Cir 2016), the court held that *Gonzalez* applies to Rule 59(e) motions “*only when* the motion raises entirely new claims.” *Id*. at 493 (emphasis in original). The court reasoned that it saw “no sign that Congress intended AEDPA to vitiate the district court's power to rectify its own mistakes in the period immediately following the entry of judgment, obviating the time and expense of unnecessary appellate proceedings, ”*Id*. (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)).

Undersigned counsel has found no case from this Court holding that a Rule 59 (e) motion was a successive petition simply where it asked the district court to change its mind on an existing claim by presenting cases or evidence that was overlooked by the district court.

3. *Breach of the plea agreement was not a new claim, and the Rule 59 motion related only to the procedural issue of “cause and prejudice*.”

In the first claim of his Section 2255 motion, Cuff asserted that the government had breached the Louisiana plea agreement by secretly indicting Cuff in Texas. Exhibit C at p. 5. As part of the Louisiana plea agreement, the

Government promised not to bring any other prosecution against Mr. Cuff "for any offense known to the United States Attorney's Office, based on the investigation which form the basis of the Second Superseding Indictment." Exhibit C.1 at pages 1-2.

In his opinion Judge Hicks held that he would not reach the merits of this claim because, according to the court, Cuff could not show "cause and prejudice" for failing to raise the claim on direct appeal. Exhibit D at 7-8. At the same time, the court acknowledged that Cuff's trial counsel, Mr. Stephen Karns, stated in a declaration that he knew nothing about the Texas indictment during the proceedings in district court. Exhibit D at p. 8. Karns also stated in his declaration that that he had such knowledge, he never would have advised Cuff to plead guilty, and that he believed the government had breached the plea agreement. (Exhibit D.1). Judge Hicks held that Cuff's appellate counsel should have presented the Karns declaration to this Court on direct appeal. Exhibit D at p. 8.

In his Rule 59 (e) motion to reconsider, Cuff pointed out that he *did* have cause for not raising the issue of breach of the plea bargain on direct appeal. He argued that he could not raise the issue on direct appeal because in the district court the defense did not know about the Texas indictment (which had been deliberately sealed by the government) and was therefore not aware that the breach had occurred. For this reason, no evidence of such a breach was introduced in the

district court. Cuff conceded that by the time of the direct appeal, appellate counsel knew about the Texas indictment; however, Cuff pointed out to the district court that this Court reviews errors only "based on the record before the district court," citing *United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014). Exhibit F at pages 21-24. Cuff argued that a party could not introduce evidence in the court of appeals that was not first raised in the district court, citing *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002) ("[a] reviewing court on direct appeal is limited to the record of trial and cannot consider any extrinsic evidence."). *Id*. Thus, Cuff argued that his appellate counsel on direct review had good cause not to raise breach of the plea agreement on direct appeal because there were no facts in the record of the district court to support the claim. *Id*. Moreover, Cuff argued, the prejudice from his failure to do so was likewise clear: He was prejudiced in having lost the opportunity to obtain a ruling on the merits of the claim. *Id*. For this reason, Cuff asked the district court to change its mind and to alter or amend its judgement with respect to this issue. *Id*.

In asking the district court to reconsider his previous ruling, Cuff was not raising a new claim: the claim that the government had breached the plea agreement already existed as the very first claim for relief in the 2255 motion. In his Rule 59 motion, he only asked the court to reconsider its decision in light of factual matters and legal principles governing procedural default that the court

overlooked. Moreover, the motion to reconsider was raising the same procedural issue relating to "cause and prejudice" and procedural default that was raised in *Williams*, which this Court held did not constitute a successive petition; *see also Uranga v. Davis*, 893 F.3d 282, 284 (5th Cir. 2018) ("we should not treat a post judgment motion as a successive § 2254 application when the motion asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as… *procedural default*…. or when the motion attacks ... some defect in the integrity of the federal habeas proceedings.") (citations omitted, emphasis added).

In sum, this Court should reconsider Judge Dennis's order and grant a COA on this claim.

4. *That Cuff's trial attorney was ineffective in failing to request a competency hearing before sentencing was not a new claim, and the Rule 59 motion did not "attack" the opinion of Judge Hicks*.

In his Rule 59 motion, Cuff asked Judge Hicks to reconsider his decision on petitioner's claim that trial counsel was ineffective in failing to move for a competency hearing before sentencing. The motion did not raise a new claim; it was an existing claim (Ground Two) in his 2255 motion. Exhibit C at p. 6. Even assuming that the Court applies the dictum of *Gonzales* and *Williams*—that a Rule 59 motion that attacks the merits of a holding constitutes a successive petition--

Cuff did not "attack" the ruling of Judge Hicks. He merely presented additional law and evidence to Judge Hicks that he may have overlooked.

For example, in finding that Cuff was competent to be sentenced, Judge Hicks relied on the opinion of trial counsel Karns at the time of the guilty plea that Cuff was competent to proceed. Exhibit D at page 11. In his Rule 59 motion, Cuff reminded Judge Hicks of this Court's observation in *Bouchillon v. Collins*, 907 F.2d 589, 593–94 (5th Cir. 1990) that lawyers have no special ability to diagnose mental illnesses and that "the existence of even a severe psychiatric defect is not always apparent to laymen." Cuff also cited *Maxwell v. Roe*, 606 F.3d 561, 574 (9th Cir. 2010), for the proposition that "although…defense counsel will often have the best-informed view of the defendant's ability to participate in his defense… counsel is not a trained mental health professional and his failure to raise petitioner's competence does not establish that petitioner was competent."

Cuff also pointed to evidence in the record (2255 motion, Exhibit 2 under seal, ROA.18-30694.579.) that on August 29, 2014, Dr. Byron Herbel, a Board Certified Psychiatrist with the Bureau of Prisons, had determined that Cuff was incompetent to proceed with the case in the Western District of Texas, 11 CR 3016-KC. Dr. Herbel wrote that "Mr. Cuff is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequence of the proceedings filed against him or assist properly

in his own defense." Among his other findings, Dr. Herbel diagnosed Cuff as suffering from "Major Neurocognitive Disorder Due To Multiple Etiologies—severe chronic alcohol use, plausible limbic neurotoxicity from past mefloquine exposure, and past traumatic brain injury (Provisional) and also from Mefloquine-Induced Psychotic Disorder (Provisional)." Cuff pointed out that Judge Hicks' opinion made no mention of this report from the BOP. Cuff argued that if he was incompetent on August 29, 2014, suffering in large part from the effects of mefloquine, he very likely was just as incompetent in July of 2012, before sentencing took place.

This Court has never held that a Rule 59 (e) motion that asks the district court to reconsider its judgment in light of legal precedent and evidence that the court may have overlooked constitutes a successive habeas petition. Therefore the Court should reconsider the opinion of Judge Dennis and should grant a COA on this issue.

It is true that in the motion Cuff also presented the district court with new evidence that confirmed the devastating effects of Cuff's use of mefloquine. For example, as his Exhibit 12 to his motion, he presented a report of January 9, 2018, from Dr. Vyneda Smith of the BOP Health Services which diagnosed Cuff as suffering from Psychosis (both visual and auditory hallucinations), Schizophrenia, and "*Mefloquine brain disorder*." *Id*. at page 12 (emphasis added). He also

presented Cuff's official Navy records (Exhibit 4) containing the conclusions of Dr. Remington Nevin that Cuff's symptoms were "highly suspicious for a deep brain or brainstem seizure" and provided "further support for the diagnosis of neurotoxic injury from his earlier use of mefloquine." *Id*.

This Court can excise or disregard the "new evidence" presented in the Rule 59 motion. Assuming the Court does so, the Rule 59 motion then presents only case law and evidence already in the record that the district court may have overlooked. As stated above, this Court has never held that such a motion constitutes a successive habeas petition

In sum, this Court should reconsider the order of Judge Dennis and grant a COA with respect to this claim.

*5. That Cuff's trial attorney was ineffective in failing to investigate the defenses of involuntary intoxication, diminished capacity, or insanity was not a new claim, and the Rule 59 motion did not "attack" the ruling of Judge Hicks*.

In his Rule 59 motion Cuff asked Judge Hicks to reconsider the denial of Cuff's claim in his 2255 motion that trial counsel was ineffective in failing to investigate available mental defenses including involuntary intoxication, diminished capacity, and insanity. Cuff asked Judge Hicks to reconsider his denial of the claim in light of the same evidence presented in paragraph 4 above. For the same reasons set forth in that argument, the Court should reconsider the order of Judge Dennis order and should grant a COA with respect to this claim.

6. *Asking judge Hicks to reconsider his denial of a COA was not a new claim*.

In his opinion Judge Hicks denied a COA as to each claim, holding that Cuff had failed to demonstrate a substantial showing of the denial of a constitutional right. Exhibit D at p. 18. In his Rule 59(e) motion, Cuff sought to persuade the district court to change its mind with respect to the issuance of a COA on one or more of the claims. Cuff brought to the court's attention that the Supreme Court has counseled that "a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief," quoting *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Exhibit E at pages 24-26. Cuff also cited the holding of *Slack v. McDaniel,* 529 U.S. 473, 479 (2000), that a COA should issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id*. He also cited *Miller-El* for the proposition that a habeas petitioner need not "prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus" and that "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." 537 U.S. at 338. *Id*.

Finally, Cuff brought to the district court's attention that recently the Supreme Court had reversed this Court's denial of a COA, emphasizing that "a claim can be debatable even though every jurist of reason might agree, after the

COA has been granted and the case has received full consideration, that petitioner will not prevail." *Buck v. Davis*, 137 S.Ct. 759, 774 (2017). Exhibit at E at p. 25.

In making the forgoing argument to the district court, Mr. Cuff was not making a new claim. This was not a claim at all. In *Gonzalez,* the Supreme Court stated that "[w]hen no claim is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Gonzalez,* 545 U.S. at 533. The same is true for this argument in Cuff's Rule 59 (e) motion. Cuff sought merely to have the court reconsider its decision to deny a COA in light of legal principles that the district court may have overlooked. This was the kind of procedural argument that this Court in *Williams* held was not a successive claim. In sum, the Court should grant a COA on the issue whether Judge Hicks erred in not granting a COA on each of the claims.

/

/

/

## CONCLUSION

For the foregoing reasons, and because the Government has no objection, the Court should reconsider the order of Judge Dennis. The Court should grant a COA on each of the issues contained in the motion for a COA. Alternatively, the Court should grant a COA, at the very least, on the claim asserting breach of the plea agreement.

Respectfully Submitted:

/s/ *Michael R. Levine*
Michael R. Levine

CERTIFICATE OF COMPLIANCE

I certify that the attached motion complies with the type setting and page limitation of the rules. The pleading is in "14" type and contains 4,114 words.

/s/ *Michael R. Levine*
*Michael R. Levine*

## CERTIFICATE OF SERVICE

I, Michael R. Levine, hereby certify that on May 22, 2019, I caused to be served the original "Motion For Reconsideration By The Panel Of The Circuit Judge's Order Denying A Motion For Certificate Of Appealabilty" by ECF on Assistant United States Attorney Mignonne Griffing.

/s/ *Michael R. Levine*
Michael R. Levine